| | |
|---|---|
| JOHN LAPAGLIA<br><br>　　　　　　　Plaintiff,<br>　　v.<br>VALVE CORPORATION<br><br>　　　　　　　Defendant. | **'25CV0833 RBM DDL**<br><br>**DECLARATION OF WILLIAM BUCHER** |

**DECLARATION OF WILLIAM BUCHER**

I, William Bucher, declare as follows:

1. The following statements are true and correct based upon my personal knowledge and recollection.

2. I am Lead Counsel at Bucher Law PLLC, which represented John LaPaglia in an arbitration before Arbitrator Michael Saydah against Valve Corporation ("Valve").

3. While there was a court reporter present at Valve's request during the consolidated hearing, there was no transcription of the conversations had during the breaks. Further, there was no court reporter present at the preliminary hearing for John LaPaglia.

4. At the preliminary hearing on May 20, 2024, counsel for LaPaglia and Valve proposed starkly different proposals for handling the claims before Arbitrator Saydah. I expressed a preference for individual "desk arbitration," e.g. adjudication on the documents for the claimants, which would maintain the required individuality of the proceedings and enable each claimant to argue their case as they saw fit. Valve's counsel demanded live in-person hearings for the claims. Accepting neither side's proposal, Arbitrator Saydah ruled that back-to-back two-hour Zoom hearings would be held between December 2 and December 13.

5. On October 25, 2024, approximately 5 weeks before the individual hearings were set to begin, Arbitrator Saydah issued an order consolidating the cases. While the order acknowledged "there is no agreement to modify the schedule," Arbitrator Saydah consolidated the hearings, allocating Claimants 4 days of hearing time to share as a collective. Valve received 4 days of hearing time, and the remaining days to be used for overflow and clean up. Additionally, the hearing format was changed from virtual to hybrid, in which the hearing was live but witnesses could appear via Zoom.

6. John LaPaglia did not consent to this consolidation.

7. The actual hearing was consolidated in all respects. All witnesses appeared only once for the consolidated case as a whole. Witnesses were cross examined once on behalf of the collective claimants. Opening and closings were presented once, and claimants shared their allotted time as a group.

1   **DECLARATION OF WILLIAM BUCHER**

8. During breaks, Arbitrator Saydah often spoke about his hobby of flying aircraft, his participation in a social organization for private, commercial, and military pilots, and his travel plans.

9. During one break in the arbitration, Arbitrator Saydah told a story about how he had been assigned to write a short article or newsletter for his aviation club, and that he had been procrastinating. A friend then showed him how to use ChatGPT or another AI tool. He asked ChatGPT or a similar AI tool to write the article or newsletter for him. He expressed that he marveled at how well written the result was. Arbitrator Saydah also noted that it saved him time because he was able to submit the output to the organization for use as the article or newsletter.

10. During another break in the arbitration, Arbitrator Saydah told the parties he wanted to issue a decision quickly because he had a trip scheduled to the Galapagos islands starting on or about January 7, 2025.

11. The hearing took place over 10 days, generating a 2,000-page transcribed record. The final post-hearing brief was submitted on December 23, 2024, and the Award, at 29 pages long, was signed 15 days later (with Christmas and New Years in the middle) on January 7, 2025.

12. The award was transmitted to me on January 8, 2025 via an email from the American Arbitration Association.

Dated: April 8, 2025

By: /s/ William Bucher

William Ward Bucher IV
Bucher Law PLLC

2   **DECLARATION OF WILLIAM BUCHER**