VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

MICHAEL W. McTIGUE JR. (*Of Counsel*)
michael.mctigue@skadden.com
MEREDITH C. SLAWE (*Of Counsel*)
meredith.slawe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York, 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Respondent*
*Valve Corporation*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO

| | |
|---|---|
| JOHN LAPAGLIA, an individual,<br><br>Petitioner,<br><br>v.<br><br>VALVE CORPORATION, a corporation.<br><br>Respondent. | NO.: 3:25-cv-00833-RBM-DDL<br><br>**RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION TO VACATE ARBITRATION AWARD**<br><br>Under Separate Cover:<br><br>NOTICE OF MOTION;<br><br>DECLARATION OF VIRGINIA F. MILSTEAD; and<br><br>[PROPOSED] ORDER.<br><br>Judge: Hon. Ruth Bermudez Montenegro<br><br>Date: June 2, 2025<br>Time: 9:30 a.m.<br>Courtroom: 5B, 5th Floor<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

RESPONDENT'S MOTION TO DISMISS

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ...................................................................... 5

II. FACTUAL BACKGROUND ......................................................................... 6

III. THE COURT LACKS SUBJECT MATTER JURISDICTION ..................... 7

    A. There Is No Federal Question Jurisdiction ........................................... 8

    B. There Is No Diversity Jurisdiction ...................................................... 10

IV. CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Badgerow v. Walters*,
　596 U.S. 1 (2022) ............................................................................................ 6, 9, 10, 11

*Balasubramani v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
　89 F.3d 844 (9th Cir. 1996) ........................................................................................ 9

*Gunn v. Minton*,
　568 U.S. 251 (2013) ............................................................................................... 9, 10

*Hall Street Associates, L.L.C. v. Mattel, Inc.*,
　552 U.S. 576 (2008) ..................................................................................................... 10

*Imagenetix, Inc. v. TriPharma, LLC*,
　No. 11cv2570 JAH (JMA),
　2011 WL 13356132 (S.D. Cal. Dec. 16, 2011) ........................................................ 9

*Jenks v. DLA Piper (US) LLP*,
　No. 13-CV-5381 YGR,
　2014 WL 527237 (N.D. Cal. Feb. 6, 2014) ............................................................. 9

*Mashiri v. Department of Educational*,
　724 F.3d 1028 (9th Cir. 2013) .................................................................................. 8

*Steel Co. v. Citizens for a Better Environment*,
　523 U.S. 83 (1988) ...................................................................................................... 8

*Tesla Motors, Inc. v. Balan*,
　No. 22-16623,
　2025 WL 1096931 (9th Cir. Apr. 14, 2025) .................................................... passim

*Vaden v. Discover Bank*,
　556 U.S. 49 (2009) ..................................................................................................... 11

## STATUTES

9 U.S.C. § 10 .................................................................................................... passim

15 U.S.C. § 1 ................................................................................................... 6, 7, 10

28 U.S.C. § 1331 ................................................................................................. 6, 9

28 U.S.C. § 1332 ............................................................................................... 6, 11

RCW 7.04A.220 ...................................................................................................... 8

RCW 7.04A.250 ...................................................................................................... 8

## RULES

Federal Rule of Civil Procedure 12(b)(1) ................................................................................. 2, 6

## I. PRELIMINARY STATEMENT

Respondent Valve Corporation ("Valve") moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss Petitioner John LaPaglia's Petition to Vacate Arbitration Award ("Petition") because the Court lacks subject matter jurisdiction. While section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, which Petitioner invokes, creates a procedural mechanism for vacating arbitration awards, it does not itself confer subject matter jurisdiction in federal courts. Instead, any petition brought in federal court pursuant to the FAA must have an "independent jurisdictional basis"—i.e., it must either arise from a federal statute other than the FAA for federal question jurisdiction, 28 U.S.C. § 1331, or invoke the Court's diversity jurisdiction, 28 U.S.C. § 1332. The Petition here does neither.

*First*, the Petition does not arise from a federal statute other than the FAA. Because Petitioner asserted federal antitrust claims in the underlying arbitration, the Petition references the federal Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.* But the Petition does not arise from or raise questions concerning those antitrust claims. On the contrary, "the underlying dispute is not now at issue," and the Petition raises questions only about "the enforceability of an arbitral award." *Badgerow v. Walters*, 596 U.S. 1, 9, 18 (2022). These arguments "involve only state law." *Id.* at 9. Accordingly, the underlying federal claims from the arbitration are irrelevant to establishing federal question jurisdiction for the Petition. *See id.* at 9-10. Other than the FAA and the irrelevant underlying antitrust claims, the Petition references no federal law. Therefore, the Court lacks federal question jurisdiction.

*Second*, the Petition does not establish the Court's diversity jurisdiction. To establish diversity jurisdiction, the Petition on its face must show that the Petition is between parties from different states and that the amount in controversy exceeds $75,000. *See Tesla Motors, Inc. v. Balan*, __ F.4th __, 2025 WL 1096931, at *2 (9th Cir. Apr. 14, 2025). While the Petition is brought between parties from different states—Petitioner is from Connecticut and Valve is incorporated and based in Washington—the Petition does not even attempt to

demonstrate that more than $75,000 is in controversy. (ECF No. 1 at 2.) Nor could it—the arbitrator award Petitioner seeks to vacate awarded Petitioner nothing at all. *See Tesla*, 2025 WL 1096931, at *3 (concluding that a "zero-dollar award cannot support the amount in controversy requirement."). Therefore, the Court lacks diversity jurisdiction.

While Valve disputes the merits of the arguments in the Petition, this threshold jurisdictional defect precludes the Court from considering those merits. The Court should dismiss the Petition in its entirety.

## II. FACTUAL BACKGROUND

On October 2, 2023, Petitioner filed a demand for arbitration ("Demand") against Valve with the American Arbitration Association ("AAA") alleging anticompetitive practices involving Valve's digital gaming platform, Steam. (ECF No. 1 Ex. 1 at 7-8[1]; Declaration of Virginia F. Milstead ("Milstead Decl.") Ex. 1 at 1.) Petitioner asserted claims under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Washington Consumer Protection Act, and California Unfair Competition Law. (ECF No. 1 Ex. 1 at 8.) Petitioner also asserted a breach of warranty claim based on an allegedly defective video game and for breach of contract based Valve's alleged failure to pay arbitration fees. (ECF No. 1 at 3; ECF No. 1 Ex. 1 at 28.) Petitioner's Demand for Arbitration claimed $3,266.72 in damages plus other relief. (Milstead Decl. Ex. 1 at 1.)

On January 7, 2025, following a multi-day hearing, Arbitrator Michael Saydah issued a final award in Valve's favor. (ECF No. 1 at 2, 3; ECF No. 1 Ex. 1 at 1, 29.) Arbitrator Saydah found that (i) "there is no antitrust violation under either Section 1 or Section 2 of the Sherman Antitrust Act" and (ii) "there is no violation under the California Unfair Competition Law, nor is there a violation under the Washington State Unfair Competition Law." (ECF No. 1 Ex. 1 at 27.) Consequently, Petitioner "takes nothing for the alleged Sherman Act violations, takes nothing for the alleged Unfair Competition Law violations under California State Law and Washington State Law and take[s] nothing for

---

[1] Citations to the Petition exhibits are to the document page numbers rather than the ECF generated page numbers because no ECF generated page number exists.

the alleged breach of the funding requirements of the arbitration agreement under the breach of contract theory." (*Id.* at 29.) Arbitrator Saydah further found that any breach of warranty claim was foreclosed by the parties' agreement. (*Id.*) On January 8, 2025, the AAA transmitted the award to the parties. (ECF No. 1 at 2.)

On February 24, 2025, Valve filed a petition to confirm the award in the Superior Court of the State of Washington pursuant to RCW 7.04A.220 and RCW 7.04A.250 ("Petition to Confirm"). To date, Petitioner has avoided service of the Petition to Confirm. (Milstead Decl. ¶ 5.) It is currently pending. Valve filed similar petitions to confirm substantially similar awards Arbitrator Saydah entered in favor of Valve against other Steam users. (*Id.* ¶ 6.) Sixteen of these awards have been confirmed. (*Id.* ¶ 6.)

The agreement between Petitioner and Valve requires that all disputes and claims between the parties be commenced and maintained exclusively in Washington courts. (Ex. 2 § 10.) Ignoring both the forum selection clause in the parties' agreement and the limits of this Court's jurisdiction, on April 8, 2025, Petitioner filed the Petition in this Court. Petitioner seeks to vacate Arbitrator Saydah's award under section 10 of the FAA. 9 U.S.C. § 10. Petitioner argues that Arbitrator Saydah (i) consolidated his arbitration with other, identical arbitrations in violation of the parties' agreement; (ii) refused to admit certain purported expert evidence; and (iii) used artificial intelligence to draft his award. (ECF No. 1 at 2.)[2]

### III. THE COURT LACKS SUBJECT MATTER JURISDICTION

A court cannot proceed to the merits of an action unless it has subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."); *see also Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) ("Subject matter jurisdiction can never be

---

[2] Petitioner contends that Arbitrator Saydah used artificial intelligence ("AI") to draft the award. (ECF No. 1 at 2.) His only purported evidence in support of this contention is that a law clerk working for his counsel claims he asked ChatGPT whether AI could have been used in writing one paragraph from Arbitrator Saydah's 27-page award. (ECF No. 1 at 10; ECF No. 1-7.) Remarkably, Petitioner's counsel was recently sanctioned by an arbitrator for submitting a letter brief containing numerous citations on core issues that had been fabricated through the use of AI. (Milstead Decl. ¶ 8.)

forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists.").

A federal court has subject matter jurisdiction over a petition to vacate an arbitration award only if the petitioner establishes (i) federal question jurisdiction or (ii) the "face of the application [to vacate] itself . . . shows that the contending parties are citizens of different States (with over $75,000 in dispute)." *Badgerow*, 596 U.S. at 9. For the reasons discussed below, this Court has neither federal question nor diversity jurisdiction. Therefore, this Court lacks subject matter jurisdiction, and the Petition must be dismissed. *See, e.g.*, *Balasubramani v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 89 F.3d 844 (9th Cir. 1996) (unpublished table decision) (affirming the district court's order granting motion to dismiss a petition to vacate an arbitration award); *Jenks v. DLA Piper (US) LLP*, 2014 WL 527237, at *1 (N.D. Cal. Feb. 6, 2014) (granting motion to dismiss petition to vacate arbitration award); *Imagenetix, Inc. v. TriPharma, LLC*, 2011 WL 13356132, at *1 (S.D. Cal. Dec. 16, 2011) (granting 12(b)(1) motion to dismiss petition to vacate arbitration award).

### A.     There Is No Federal Question Jurisdiction

The Court does not have federal question jurisdiction. The federal question statute provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the Constitution, law, or treaties of the United States if federal law "creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). In limited circumstances, federal jurisdiction may also exist over a state law cause of action if a "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal state balance approved by Congress." *Id.* at 258. None of those conditions are satisfied here.

*First*, federal law does not create the cause of action asserted. The Petition asserts a single claim for relief—a claim seeking an order vacating an arbitrator's award pursuant to section 10 of the FAA. (ECF No. 1 at 2.) Section 10 provides that, in certain enumerated

circumstances, the "United States court in and for the district wherein [an arbitration] award was made may make an order vacating the award upon the application of any party to the arbitration." 9 U.S.C. § 10(a). While section 10 authorizes a party to an arbitration agreement to petition a federal court for relief, it "does not itself create jurisdiction" over the dispute. *Badgerow*, 596 U.S. at 4. "Rather, the federal court must have . . . an 'independent jurisdictional basis' to resolve the matter." *Id.*; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008) ("As for jurisdiction over controversies touching arbitration, the [FAA] does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." (citation omitted)); *Tesla*, 2025 WL 1096931, at *2 ("[T]he Supreme Court has made clear that a petitioner seeking to confirm or vacate an arbitration award must have a jurisdictional basis separate from the FAA's 'authorization of a petition [which] does not itself create jurisdiction'" (citation omitted)). Therefore, Petitioner's sole claim for relief under section 10 of the FAA does not arise under federal law.

*Second*, the Petition does not raise any issue of federal law, let alone an issue that is actually disputed, substantial, and capable of resolution without disrupting the federal state balance. *See Gunn*, 568 U.S. at 257. A petition to vacate contests only the "enforceability of an arbitral award." *Badgerow*, 596 U.S. at 9. "That award is no more than a contractual resolution of the parties' dispute—a way of settling legal claims." *Id.* "[Q]uarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts." *Id.* The Petition here raises arguments related to interpretation of the parties' alleged agreement, the admission of evidence during the hearing, and the arbitrator's process for drafting the award. (ECF No. 1 at 2.) None of these issues involves federal law. (*See generally* ECF No. 1.) Therefore, the Petition raises no issue of federal law. *See Tesla*, 2025 WL 1096931, at *2 ("[F]or federal question jurisdiction to attach in a suit brought under the FAA, the complaint must include an averment under federal law *other than* Sections 9 or 10 of the FAA.").

Petitioner may argue that the underlying claims in the arbitration were based on the Sherman Antitrust Act, 15 U.S.C. § 1, 2. (ECF. No. 1 at 7.) But the underlying claims in the arbitration cannot create jurisdiction. In *Badgerow*, the Supreme Court considered whether petitioners seeking relief under section 10 of the FAA could "look through" the petition to the underlying claims in the arbitration to establish jurisdiction. *Badgerow*, 596 U.S. at 5. The Court concluded they could not. Petitioners seeking *to compel* arbitration under *section 4* of the FAA may "look through the petition to the underlying substantive controversy between the parties," and if the "underlying dispute falls within the court's jurisdiction—for example, by presenting a federal question—then the court may rule on the petition to compel." *Id.* at 4-5 (discussing *Vaden v. Discover Bank*, 556 U.S. 49 (2009)). The "look through" permitted for section 4 of the FAA is based on specific language in section 4—language that permits a petition for an order to compel arbitration from a United States district court "which, save for [the arbitration] agreement, would have jurisdiction" over "the controversy between the parties." *Badgerow*, 596 U.S. at 10 (quoting 9 U.S.C. § 4). That language directing the court to examine the "controversy between the parties," however, is not present in section 10. *Id.* at 11. Because the "look-through method" does not apply to section 10 petitions, it is irrelevant that the parties' underlying dispute involved federal law. Therefore, the Court lacks federal question jurisdiction.

### B. There Is No Diversity Jurisdiction

Likewise, the Court also does not have diversity jurisdiction. "For diversity jurisdiction to attach, the suit must be between citizens of different states, and the 'amount in controversy' must exceed $75,000." *Tesla*, 2025 WL 1096931, at *2; 28 U.S.C. § 1332(a). "Because a 'look through' approach is prohibited" for section 10 petitions to vacate pursuant to *Badgerow*, "the facts establishing a jurisdictional basis must be present on the face of the . . . petition to confirm [or vacate] an arbitration award." *Tesla*, 2025 WL 1096931, at *3. "Put differently, facts establishing that the amount in controversy exceeds $75,000 must be present on the face" of a petition "before a district court can assert diversity jurisdiction over the action." *Id*. The Petition fails to meet this standard.

Petitioner alleges that Valve and Petitioner are from different states. (ECF No. 1 at 2 ("Mr. LaPaglia is a citizen of Connecticut. Valve Corporation's principal place of business and state of incorporation are both Washington.").) The Petition does not even mention the amount in controversy, much less allege that it exceeds $75,000. Instead, according to the Petition, Arbitrator Saydah concluded Petitioner "takes nothing" for his claims. (ECF No. 1 Ex. 1 at 29.) "On its face, a petition" regarding "a zero-dollar award cannot support the amount in controversy requirement." *Tesla*, 2025 WL 1096931, at *3. Moreover, while the Court does not "look through" to the underlying arbitration to establish the amount in controversy, *id.* at *2, Petitioner sought only $3,266.72 in the arbitration—nowhere near the jurisdictional amount even taking into account the various forms of additional relief Petitioner sought. (Milstead Decl. Ex. 1 at 1.)  Accordingly, the Court lacks diversity jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over the Petition. Valve respectfully requests that the Court dismiss the Petition in its entirety with prejudice pursuant to Rule 12(b)(1).

DATED:  April 29, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   */s/ Virginia F. Milstead*
        Virginia F. Milstead
        Attorneys for Respondents
        Valve Corporation