UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAPAGLIA, an individual,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>VALVE CORPORATION, a corporation,<br><br>　　　　　　　　　　Respondent. | Case No.: 3:25-cv-00833-RBM-DDL<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION TO FILE DOCUMENTS UNDER SEAL [Doc. 3];**<br><br>**(2) SETTING DEADLINE FOR RESPONDENT TO FILE A RENEWED MOTION TO SEAL; AND**<br><br>**(3) DIRECTING THE CLERK'S OFFICE TO MAINTAIN DOCUMENTS UNDER SEAL IN THE INTERIM** |

Pending before the Court is Petitioner John Lapaglia's ("Petitioner") Motion to File Documents Under Seal ("Motion to Seal"). (Doc. 3.) In the Motion to Seal, Petitioner moves to file certain documents in connection with its Petition to Vacate Arbitration Award (Doc. 1) ("Petition") under seal. (*Id*. at 2.) For the reasons discussed below, Plaintiff's Motion to Seal (Doc. 3) is **DENIED without prejudice**.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. If the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

## II. DISCUSSION

Petitioner seeks to file Exhibits 3–5 to the Petition under seal. (Doc. 3 at 2.) Petitioner states that Respondent Valve Corporation ("Respondent") designated the documents as "Highly Confidential—Attorneys' Eyes Only" pursuant to a protective order signed by the arbitrator in the underlying arbitration proceedings. (*Id*.) Petitioner states that he "takes no position on whether this designation is correct at this time," but requests permission to file such documents under seal "to ensure the protective order is maintained to the extent it is enforceable." (*Id*.)

At the outset, the Court notes that one party's designation of a document as "Confidential" does not, standing alone, demonstrate that the documents should be shielded from public access. *See, e.g.*, *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion."); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 6395595, at *1 (S.D. Cal. Nov. 2, 2020) ("That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings."); *In re Incretin Mimetics Prod. Liab. Litig.*, No. 13md2452 AJB (MDD), 2014 WL 1912731, at *2 (S.D. Cal. May 13, 2014) ("Though the Parties themselves may have stipulated to the confidential nature of this information, the 'compelling reasons' standard is invoked even if the motion, or its attachments, were previously filed under seal or protective order.") (citing *Kamakana*, 447 F.3d at 1179).

Additionally, in accordance with Section IV of this Court's Civil Chamber Rules, any motion to seal predicated solely on the opposing party's designation of the document as sensitive under a protective order, including with a "confidential" or "attorneys' eyes only" designation, must be accompanied by a response from the designating party within *seven days of the motion filing date*, demonstrating that the sealing standard has been satisfied for the document or information at issue. *See* The Hon. Ruth Bermudez Montenegro Civ. Chambers R. IV.B. (emphasis added). Petitioner filed his Motion to Vacate on April 9, 2025. (*See* Doc. 3 at 2.) However, Respondent has failed to file any response to date. Other than Respondent's confidentiality designation, Petitioner has not proffered any other reasons these documents should be sealed. (*Id.*)

Accordingly, the Court finds that the Parties have failed to overcome the strong presumption of public access. Petitioner's Motion to Seal (Doc. 3) is therefore **DENIED without prejudice**.

### III.    CONCLUSION

For the reasons discussed above, Petitioner's Motion to Seal (Doc. 3), is **DENIED without prejudice**. Respondent, as the designating party, may file a renewed motion to

1 seal the documents at issue in accordance with Section IV of this Court's Civil Chamber
2 Rules on or before **May 23, 2025**. Any renewed motion to seal should explain in detail
3 why these documents should be sealed. The Clerk is **DIRECTED** to maintain the
4 documents at issue under seal in the interim. In the event Defendant does not file a renewed
5 motion by the deadline, the Clerk's Office is **DIRECTED** to unseal Doc. 4 on **May 26,**
6 **2025**.

7     **IT IS SO ORDERED**.
8 DATE:  May 8, 2025

                                           *[signature]*
                         HON. RUTH BERMUDEZ MONTENEGRO
                         UNITED STATES DISTRICT JUDGE