VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

MICHAEL W. McTIGUE JR. (*Of Counsel*)
michael.mctigue@skadden.com
MEREDITH C. SLAWE (*Of Counsel*)
meredith.slawe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York, 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Respondent*
*Valve Corporation*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO

| | |
|---|---|
| JOHN LAPAGLIA, an individual,<br><br>                          Petitioner,<br><br>         v.<br><br>VALVE CORPORATION, a corporation.<br><br>                          Respondent. | NO.: 3:25-cv-00833-RBM-DDL<br><br>**RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Under Separate Cover:<br><br>NOTICE OF MOTION;<br><br>DECLARATION OF VIRGINIA F. MILSTEAD;<br><br>DECLARATION OF CHRISTOPHER SCHENCK; AND<br><br>[PROPOSED] ORDER.<br><br>Judge: Hon. Ruth Bermudez Montenegro<br><br>Date: June 23, 2025<br>Time: 9:30 a.m.<br>Courtroom: 5B, 5th Floor<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................... 5

II. STATEMENT OF FACTS .......................................................................... 6

III. THE MOTION TO SEAL SHOULD BE GRANTED ................................. 8

    A. There Is Good Cause to Seal ............................................................... 9

    B. There Are Compelling Reasons To Seal ........................................... 10

IV. CONCLUSION ......................................................................................... 12

# TABLE OF AUTHORITIES

Page

## CASES

*Center for Auto Safety v. Chrysler Group, LLC*,
  809 F.3d 1092 (9th Cir. 2016) ...................................................................................8

*Echologics, LLC v. Orbis Intelligent Systems, Inc.*,
  No. 3:21-cv-01147-RBM-AHG, 2022 WL 17682657 (S.D. Cal. Dec. 14, 2022) ...............................................................................................................12

*In re Electronic Arts, Inc.*,
  298 F. App'x 568 (9th Cir. 2008) ............................................................................10

*Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*,
  No. 3:22-cv-00676-RBM-MSB, 2022 WL 6254973
  (S.D. Cal. Oct. 7, 2022) .....................................................................................5, 10

*Finisar Corp. v. Nistica, Inc.*,
  No. 13-cv-03345-BLF (JSC), 2015 WL 3988132
  (N.D. Cal. June 30, 2015) .........................................................................................9

*Iceberg Associates, LLP v. Dynamic Data Technologies, LLC*,
  No. 3:22-cv-01084-RBM-DDL, 2022 WL 6254893
  (S.D. Cal. Oct. 7, 2022) ..........................................................................................11

*Jerome's Furniture Warehouse v. Ashley Furniture Industries, Inc.*,
  No. 3:20-cv-01765-RBM-BGS, 2023 WL 12004757 (S.D. Cal. Feb. 9, 2023) ......................................................................................................................11

*Martinez v. Agoda Co. Pte. Ltd*,
  No. 3:20-CV-01289-JAH-MSB, 2024 WL 3823810 (S.D. Cal. Aug. 14, 2024) .........................................................................................................................9

*Obesity Research Institute, LLC v. Fiber Research International, LLC*,
  No. 15-cv-595-BAS(MDD), 2017 WL 1035730 (S.D. Cal. Mar. 17, 2017) ..........10

*Stewart v. Quest Diagnostics Clinical Laboratories, Inc.*,
  No. 3:19-cv-02043-RBM-KSC, 2022 WL 3719969
  (S.D. Cal. Aug. 29, 2022) ...................................................................................8, 10

*Talavera Hair Products, Inc. v. Taizhou Yunsung Electrical Appliance Co.*,
  No. 18-cv-00823-RBM-JLB, 2022 WL 1631380 (S.D. Cal. May 23, 2022) .........10

## STATUTES

9 U.S.C. § 10 ..................................................................................................................7

Respondent's Memorandum Of Points And Authorities In Support Of Motion To File Documents Under Seal

RCW 7.04A.220...................................................................................................................6

RCW 7.04A.250...................................................................................................................6

## I. **PRELIMINARY STATEMENT**

Pursuant to Local Rule 79.2(c) and this Court's Civil Chamber Rule IV, Respondent Valve Corporation ("Valve") respectfully moves this Court for an order to file under seal limited redacted portions of Exhibit 1 to Petitioner John LaPaglia's Petition to Vacate Arbitration Award ("Exhibit 1"), as reflected in Exhibit A to the Declaration of Virginia F. Milstead ("Milstead Decl." and exhibits "Ex.") attached hereto.[1]

A party seeking to seal a judicial record must meet either the "compelling reasons" standard, when "the underlying motion is more than tangentially related to the merits," or the "good cause" standard, when "the underlying motion does not surpass the tangential relevance threshold." *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, No. 3:22-cv-00676-RBM-MSB, 2022 WL 6254973, at *1 (S.D. Cal. Oct. 7, 2022) (Montenegro, J.). Valve's request to seal limited portions of Exhibit 1 meets both standards because, as explained more fully below, sealing of limited information is required to prevent Exhibit 1 from being used as a source "of business information that might harm [Valve's] competitive standing." *Id*. Notably, a state court in Washington has already granted Valve's motion to seal the same information that Valve requests to seal here—in arbitration awards substantively identical to Exhibit 1—in sixteen other cases.[2] (*See* Milstead Decl. Exs. B-

---

[1] Unless noted, internal citations and quotations are omitted and all emphasis is added.

[2] *See Valve Corp. v. Anderson*, No. 25-2-06166-3 SEA (Wash. Super. Ct. Mar. 31, 2025) ("*Anderson*"); *Valve Corp. v. Banks*, No. 25-2-06182-5 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Clark*, No. 25-2-06230-9 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Duan*, No. 25-2-06245-7 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Gonzalez*, No. 25-2-06159-1 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Knooihuizen*, No. 25-2-06180-9 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Loomis*, No. 25-2-06194-9 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. O'Brien*, No. 25-2-06211-2 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Otey*, No. 25-2-06203-1 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Pedrick*, No. 25-2-06213-9 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Rosales*, No. 25-2-06236-8 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Schultz*, No. 25-2-06242-2 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Toft*, No. 25-2-06170-1 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Trodden*, No. 25-2-06196-5 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Wilkerson*, No. 25-2-06219-8 SEA (Wash. Super. Ct. Mar. 31, 2025); *Valve Corp. v. Womack*, No. 25-2-06234-1 SEA (Wash. Super. Ct. Mar. 31, 2025) (collectively, the "Washington Actions").

RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL

Q.)

Accordingly, Valve respectfully submits that an order sealing the redacted portions of Exhibit 1 is appropriate and warranted.

## II.   STATEMENT OF FACTS

On January 7, 2025, American Arbitration Association Arbitrator Michael F. Saydah entered separate awards in favor of Valve in 23 separate arbitrations, including an arbitration brought on behalf of Petitioner (the "Awards"). (Milstead Decl. ¶ 3.) On February 24, 2025, Valve filed petitions to confirm the substantively identical awards in Washington state court pursuant to RCW 7.04A.220 and RCW 7.04A.250 (the "Petitions To Confirm"). (*Id.* at ¶ 4.) Valve also filed motions to file under seal certain redacted portions of the Awards and a motion to consolidate the 23 separately filed Petitions To Confirm. (*Id.*)[3]

On March 31, 2025, the court entered an order confirming the Awards and final judgment and granted a motion to seal in each of those 16 cases. (*Id.* at ¶ 8.) The redactions Valve requested in the Petitions To Confirm actions—including the Petition To Confirm action naming Petitioner—are identical to the redactions Valve requests here.[4]

On April 3, 2025, Petitioner's counsel contacted Valve to state: "We are reaching out regarding the proposed redacted arbitration award submitted by Valve Corporation.

---

[3] By March 3, 2025, Valve had served 16 of the Respondents in the Petitions To Confirm with process. (Milstead Decl. ¶ 5.) On March 10, 2025, counsel for Petitioner filed a Motion for Extension requesting that the court grant an extension to the deadline to respond to Valve's motion to consolidate. (*Id.* at ¶ 6.) Neither Petitioner's counsel nor any other counsel appeared on behalf of any of the 16 Respondents to oppose the consolidated Petitions To Confirm. (*Id.*) On March 14, the court granted the motion to consolidate as to the 16 respondents that were served and struck Petitioner's counsel's motion. (*Id.* at ¶ 7.) In so doing, the court explained: "The attorney who signed the motion did not file a notice of appearance. Moreover, the motion was not properly noted, a working copy was not provided to the Court, and no proposed order was submitted. Counsel is admonished to review and comply with the Civil Rules and Local Civil rules in connection with any future filings." *Valve Corp. v. Gonzalez*, No. 25-2-06159-1 SEA, slip op. at 1 (Wash. Super. Ct. Mar. 14, 2025) (Milstead Decl. Ex. R.)

[4] Valve has now served Petitioner and five additional Respondents in the Petition To Confirm actions and, on May 2, 2025, filed a motion to consolidate these petitions and re-note these petitions for a hearing. (Milstead Decl. ¶ 10.)

1  Without waiving jurisdiction or formally appearing in this matter, we've been asked by
2  Mr. Lapaglia to obtain a copy of your proposed redacted copy." (*Id*. at ¶ 9.) Petitioner's
3  counsel declined to accept service of the Petition To Confirm on behalf of Petitioner. (*Id*.)
4  　　　　On April 8, 2025, Petitioner filed this Petition to Vacate Arbitration Award
5  ("Petition"), seeking to vacate Arbitrator Saydah's award in Petitioner's arbitration (the
6  "Final Award") under Section 10 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 10.
7  (ECF No. 1.) Petitioner also filed a Motion to File Documents Under Seal ("Petitioner's
8  Motion to Seal"). (ECF No. 3.) Petitioner's Motion to Seal inadvertently sought to file
9  Exhibits 3-5 to the Petition, instead of Exhibits 1-3, under seal. (ECF No. 3 at 2.)
10 　　　　On April 19, 2024, the court in *In re Valve Antitrust Litigation* (the "Federal Action")
11 granted motions to seal the same commercially sensitive third-party contract data contained
12 in Exhibit 1 that Valve requests to seal here. The court held that the unopposed motions to
13 seal "each have merit, ***regardless*** of which standard need be applied." *In re Valve Antitrust*
14 *Litig.*, Case No. 2:21-cv-00563-JNW (W.D. Wash. Apr. 19, 2024) (ECF No. 223).
15 　　　　On April 29, 2025, Valve moved pursuant to Rule 12(b)(1) of the Federal Rules of
16 Civil Procedure to dismiss the Petition because the Court lacks subject matter jurisdiction
17 as the Petition does not arise from a federal statute other than the FAA and the Petition
18 does not establish the Court's diversity jurisdiction. (ECF No. 5.)
19 　　　　On May 8, 2025, the Court denied Petitioner's Motion to Seal without prejudice.
20 (ECF No. 6.) The Court also permitted Valve, as the party designating the documents
21 confidential, to file a renewed motion to seal the documents at issue by May 23, 2025. (*Id*.)
22 　　　　Pursuant to the Court's May 8, 2025, order, Valve files the instant motion to seal in
23 connection with Petitioner's Petition, seeking to seal the redacted portions of Exhibit 1.[5]
24 Exhibit 1 is the Final Award. Pages 12, 13, 15, 17, and 18 of the Final Award contain
25 commercially sensitive information that courts in the Federal Action[6] and the Washington
26 
27 [5] Valve does not request to seal any part of Exhibit 2, 3, or 4 filed by Petitioner. There is no Exhibit 5.
28 [6] *In re Valve Antitrust Litig.*, Case No. 2:21-cv-00563-JNW (ECF. Nos. 223, 236).

7

RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL

Actions have previously sealed.

Specifically, Valve seeks to redact language disclosing terms of a contract (a Steam Distribution Agreement or "SDA") between Valve and a third party governing distribution on Steam.[7] Because of the commercially sensitive and proprietary nature of information they contain, the SDA and other similar SDAs include confidentiality provisions that require the parties to keep the terms of the SDAs confidential. Valve accordingly produced all of these SDAs and communications about them—which the arbitrator incorporated in the Final Award—with "Attorneys' Eyes Only" designations under a Protective Order in the Federal Action and in Petitioner's arbitration.

### III. THE MOTION TO SEAL SHOULD BE GRANTED

There is good cause and there are compelling reasons to seal the portions of the Final Award that Valve requests to redact. "Even where a public right of access exists, such assess may be denied by the Court in order to protect sensitive personal or confidential information." Civil Chamber Rule IV. The requisite standard is either "good cause" or "compelling reasons," depending "upon whether the documents to be sealed relate to a motion that is more than tangentially related to the merits of the case." *Stewart v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 3:19-cv-02043-RBM-KSC, 2022 WL 3719969, at *1 (S.D. Cal. Aug. 29, 2022) (Montenegro, J.) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016)). "When the underlying motion is more than tangentially related to the merits, the 'compelling reasons' standard applies." *Id.* "When the underlying motion does not surpass the tangential relevance threshold, the 'good cause' standard applies." *Id.*

The good cause standard applies here because Valve seeks "to seal nondispositive

---

[7] Third parties distribute their apps through Steam under SDAs. These SDAs disclose the specific business terms that Valve and third parties negotiated and agreed on regarding distribution of the third parties' apps on Steam including, *inter alia,* financial terms for distribution and revenue sharing, the type and scope of licenses granted with respect to software, the parties' rights and obligations regarding delivery, compatibility and product quality, provisions regarding marketing and sales data, customer support, warranties and indemnity obligations, and other important provisions governing the parties' business relationships.

1 information that is not immediately related to the merits of the case based on the current
2 procedural posture of the matter." *Martinez v. Agoda Co. Pte. Ltd*, No. 3:20-CV-01289-
3 JAH-MSB, 2024 WL 3823810, at *1 (S.D. Cal. Aug. 14, 2024) (granting defendants'
4 motion to seal Notice of Ruling re: Partial Arbitration Award). The information Valve
5 requests to seal is entirely unrelated to the Petition. The Petition seeks to vacate Arbitrator
6 Saydah's award and contends that Arbitrator Saydah (i) consolidated his arbitration with
7 other, identical arbitrations in violation of the parties' agreement; (ii) refused to admit
8 certain purported expert evidence; and (iii) used artificial intelligence to draft his award.
9 (ECF No. 1 at 2-3.) This request to seal pertains to limited information concerning terms
10 of an SDA between Valve and a third party governing distribution on Steam.

11        In any event, Valve satisfies either standard.

12        **A.     There Is Good Cause to Seal**

13        There is good cause for sealing the limited redacted portions of the Final Award
14 requested herein. The good cause standard is met where "the information sought to be
15 withheld creates a risk of significant competitive injury and particularized harm." *Finisar*
16 *Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *4 (N.D. Cal.
17 June 30, 2015). Moreover, "[c]ourts regularly find that litigants may file under seal
18 contracts with third parties that contain proprietary and confidential business information."
19 *Id*. at *5 (citing cases). Valve requests only limited redactions reflecting contracts with
20 third parties that contain proprietary and confidential business information.

21        Moreover, the court in the Washington Actions recently granted Valve's request for
22 the same redactions in 16 Awards that are substantively identical to the Final Award. *See,*
23 *e.g.*, *Anderson*, slip op. The order provided, among other things, that Valve "made a clear
24 showing of the need to redact the limited information from the Court file." *Id.* at 2. The
25 order further provided that "[t]he limited information is expressly confidential, and a
26 nonparty to the arbitration is relying on such a designation." *Id.* Additionally, the court
27 found that the "proposed redactions are the least restrictive means available for protecting
28 [Valve's] interest, and the affected third party's interest, in maintaining the confidentiality

of the selected information." *Id.* The court further found that "[a]n order permitting [Valve's] proposed redactions is no broader in scope than necessary to serve its purpose of maintaining confidentiality." *Id.* at 3. Accordingly, good cause exists to seal the redacted portions of the Final Award.

### B.     There Are Compelling Reasons To Seal

Even if the Court applies the compelling reasons standard, sealing is warranted. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of a trade secret or other confidential research, development, or commercial information" under the compelling reasons standard. *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-cv-00823-RBM-JLB, 2022 WL 1631380, at *1 (S.D. Cal. May 23, 2022) (Montenegro, J.). Courts also "seal court filings containing confidential business material, such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data, where the parties have been able to point to concrete factual information to justify sealing." *Id*. "Compelling reasons may exist if sealing is required to prevent documents from being used as sources of business information that might harm a litigant's competitive standing." *Fate Therapeutics*, 2022 WL 6254973, at *1.

Valve meets this standard. Valve seeks to redact only limited information in the Final Award the disclosure of which would hurt Valve's and the affected third party's competitive standing and cause other harms. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (on writ of mandamus, ordering district court to seal confidential business information); *Stewart*, 2022 WL 3719969, at *2 ("Having reviewed the relevant documents and the declarations from Defendant's employees, the Court finds that Plaintiffs seek to seal information that, if publicly disclosed, could potentially put Defendant at a competitive disadvantage."); *Fate Therapeutics*, 2022 WL 6254973, at *1 (granting motion to seal where court found "that the information, if disclosed, could potentially hurt Defendants' competitive standing"); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-cv-595-BAS(MDD), 2017 WL 1035730, at *2 (S.D. Cal. Mar. 17, 2017) (granting

motion to seal documents where court found such information "could be improperly used" by competitors).

In this case, disclosure of the information Valve requests to redact would:

- give Valve's and the other party's competitors insight into Valve and third parties' business models, strategies, and business relationships—information those competitors could use for unfair competitive advantage;
- negatively impact Valve's ability to negotiate future contracts with developers and publishers seeking to distribute their games on Steam; and
- provide competitors with an unfair competitive advantage in negotiating contracts with third parties that have contracted with, or could contract, with Valve.

(*See* Declaration of Christopher Schenck, dated May 22, 2025, ¶¶ 4-6 ("Schenck Decl.").)

Additionally, Valve has agreed to confidentiality in the SDA itself and it has a strong interest in fulfilling its obligations to maintain that confidentiality. (*Id*. at ¶ 7.) As the court in Washington held, Valve "would risk involuntarily breaching the terms of the [SDA] mentioned in the Final Award" if it "were forced to disclose the specific terms of that agreement." *Anderson*, slip op. at 2. In contrast, "the public has almost no cognizable interest in knowing the specific details of the SDA." *Id.* at 3.

Further, an order permitting Valve's proposed redactions is no broader in scope than necessary to serve its purpose of maintaining confidentiality. *See Jerome's Furniture Warehouse v. Ashley Furniture Indus., Inc.*, No. 3:20-cv-01765-RBM-BGS, 2023 WL 12004757, at *3 (S.D. Cal. Feb. 9, 2023) (Montenegro, J.) ("The Court finds the parties' motions [to seal] narrowly tailored to protect only competitive business information which, if disclosed, could potentially hurt the parties' competitive standing."); *Iceberg Assocs., LLP v. Dynamic Data Techs., LLC*, No. 3:22-cv-01084-RBM-DDL, 2022 WL 6254893, at *2 (S.D. Cal. Oct. 7, 2022) (Montenegro, J.) (finding "the proposed redactions and sealing request narrowly tailored to protect only that information directly related to [defendant's] commercially sensitive information," which, "if disclosed, could potentially hurt

[defendant's] competitive standing"); *Echologics, LLC v. Orbis Intelligent Sys., Inc.*, No. 3:21-cv-01147-RBM-AHG, 2022 WL 17682657, at *2 (S.D. Cal. Dec. 14, 2022) (Montenegro, J.) (same). Valve's proposed redactions are the least restrictive means available for protecting Valve's interest in maintaining the confidentiality of the selected information. As the court in Washington found, Valve seeks to redact only several lines of the Final Award, and to seal the unredacted copy of the Final Award. *Anderson*, slip op. at 3. Valve does not seek to seal the entire Final Award and does not request any relief that is broader than necessary to fulfill its confidentiality obligations. *Id.*

Therefore, even if the compelling reasons standard applies, there are compelling reasons to seal the redacted portions of the Final Award.

## IV.    CONCLUSION

For the foregoing reasons, Valve respectfully requests that the Court grant this motion to seal and order:

- That the redacted copy of Exhibit 1 as attached as Exhibit A to the Declaration of Virginia F. Milstead be filed in the publicly-available court file; and
- That the Clerk's office shall maintain the unredacted version of Exhibit 1 under seal.

A proposed order granting the relief requested is submitted herewith.

DATED:  May 23, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____*/s/ Virginia F. Milstead*_____
Virginia F. Milstead
Attorneys for Respondent
Valve Corporation