VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

MICHAEL W. McTIGUE JR. (*Of Counsel*)
michael.mctigue@skadden.com
MEREDITH C. SLAWE (*Of Counsel*)
meredith.slawe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York, 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Respondent*
*Valve Corporation*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO

| | |
|---|---|
| JOHN LAPAGLIA, an individual,<br><br>Petitioner,<br><br>v.<br><br>VALVE CORPORATION, a corporation.<br><br>Respondent. | NO.: 3:25-cv-00833-RBM-DDL<br><br>**RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED PETITION TO VACATE ARBITRATION AWARD**<br><br>Under Separate Cover:<br><br>NOTICE OF MOTION;<br><br>[PROPOSED] ORDER.<br><br>Judge: Hon. Ruth Bermudez Montenegro<br><br>Date: July 28, 2025<br>Time: 9:30 a.m.<br>Courtroom: 5B, 5th Floor<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................... 5

II.   FACTUAL BACKGROUND ...................................................................... 7

III.  THE COURT LACKS SUBJECT MATTER JURISDICTION ..................... 8

    A.    There Is No Federal Question Jurisdiction ........................................... 9

    B.    There Is No Diversity Jurisdiction ..................................................... 11

        1.    Petitioner's Arguments Impermissibly Seek To "Look Through" the Amended Petition to Underlying Arbitration Proceedings, But That Is Not Permitted Under Section 10 of the FAA ...................................................... 12

        2.    Even If the Court Could Look Through the Amended Petition To Consider the New Attorneys' Fees Arguments—and It Cannot—The Sums At Stake Would Fail To Meet the Amount in Controversy Requirement .......... 15

IV.  CONCLUSION ........................................................................................ 15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Badgerow v. Walters*,
    596 U.S. 1 (2022)..................................................................................... passim

*Balasubramani v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    89 F.3d 844 (9th Cir. 1996) ................................................................................ 9

*Bassett's Administrator v. Cunningham's Admir*,
    50 Va. 684 (1853) ............................................................................................... 8

*Costco Wholesale Corp. v. Hoen*,
    538 F.3d 1128 (9th Cir. 2008) ........................................................................... 14

*Fritsch v. Swift Transporation Co. of Ariz.*,
    899 F.3d 785 (9th Cir. 2018) ............................................................................. 14

*Gunn v. Minton*,
    568 U.S. 251 (2013).......................................................................................9, 10

*Hall Street Associates, L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008)........................................................................................... 10

*Imagenetix, Inc. v. TriPharma, LLC*,
    No. 11cv2570 JAH (JMA),
    2011 WL 13356132 (S.D. Cal. Dec. 16, 2011) ................................................... 9

*Jenks v. DLA Piper (US) LLP*,
    No. 13-CV-5381 YGR,
    2014 WL 527237 (N.D. Cal. Feb. 6, 2014).......................................................... 9

*Kamath v. PayPal, Inc.*,
    No. 23-cv-03636-NC,
    2023 WL 9233484 (N.D. Cal. Nov. 6, 2023) ...............................................13, 15

*Mashiri v. Department of Education*,
    724 F.3d 1028 (9th Cir. 2013) ............................................................................ 8

RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED PETITION TO VACATE ARBITRATION AWARD

*McCluskey v. Airbnb, Inc.*,
　No. CV 19-9613 PA (PJWx),
　2020 WL 2542616 (C.D. Cal. Jan. 7, 2020) .......................................................... 14

*NantKwest, Inc. v. Merck KGaA*,
　No. 19-cv-1266-L-MSB,
　2020 WL 13579225 (S.D. Cal. Feb. 10, 2020) ...................................................... 13

*Poorsina v. Wells Fargo Bank, N.A.*,
　No. 21-cv-05098-DMR,
　2021 WL 4133866 (N.D. Cal. Sept. 10, 2021) ................................................ 13, 15

*Shannon Associates LLC v. MacKay*,
　No. C 09-4184 CW,
　2009 WL 4756568 (N.D. Cal. Dec. 8, 2009) ......................................................... 14

*Steel Co. v. Citizens for a Better Environment*,
　523 U.S. 83 (1998) .................................................................................................. 8

*Tesla Motors, Inc. v. Balan*,
　134 F.4th 558 (9th Cir. 2025) ........................................................................ passim

*Theis Research, Inc. v. Brown & Bain*,
　400 F.3d 659 (9th Cir. 2005) ................................................................................. 14

*Vaden v. Discover Bank*,
　556 U.S. 49 (2009) ................................................................................................ 11

**STATUTES**

9 U.S.C. § 10 ................................................................................................... passim

15 U.S.C. § 1 ............................................................................................... 6, 7, 10

15 U.S.C. § 15 ........................................................................................................ 15

15 U.S.C. § 26 ........................................................................................................ 15

28 U.S.C. § 1331 .................................................................................................. 5, 9

28 U.S.C. § 1332 ...................................................................................................... 5

RCW 7.04A.220 ....................................................................................................... 7

RCW 7.04A.250 ....................................................................................................... 7

Respondent Valve Corporation ("Valve") moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss Petitioner John LaPaglia's First Amended Petition to Vacate Arbitration Award and to Reopen Arbitration for a Rehearing ("Amended Petition") because the Court lacks subject matter jurisdiction.[1] On April 29, 2025, Valve moved to dismiss Petitioner's original petition for lack of subject matter jurisdiction, setting a hearing for June 2, 2025. (ECF No. 5, 5-1.) On May 19, 2025, Petitioner filed the Amended Petition. (ECF No. 7.)

Because the Amended Petition was procedurally improper and purported to respond to arguments in Valve's motion to dismiss, Valve construed the Amended Petition as an opposition to its motion to dismiss and filed a reply in further support of that motion on May 23, 2025. (ECF No. 8.) Valve's motion to dismiss the Petition remains pending.

**For those reasons, Valve believes that no further response to the Amended Petition is required. Out of an abundance of caution, however, Valve responds to the Amended Petition by filing this motion to dismiss the Amended Petition. This motion is substantially identical to and repeats all arguments made in Valve's motion to dismiss the Petition and reply in further support thereof (ECF Nos. 5-1, 8).**

## I. PRELIMINARY STATEMENT

The Court should dismiss the Amended Petition for lack of subject matter jurisdiction. While Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, which Petitioner invokes, creates a procedural mechanism for vacating arbitration awards, it does not itself confer subject matter jurisdiction in federal courts. Instead, any petition brought in federal court pursuant to the FAA must have an "independent jurisdictional basis"—i.e., it must either arise from a federal statute other than the FAA for federal question jurisdiction, 28 U.S.C. § 1331, or invoke the Court's diversity jurisdiction, 28 U.S.C. § 1332. The Amended Petition here does neither.

*First*, the Amended Petition does not arise from a federal statute other than the FAA.

---

[1] Unless noted, internal citations and quotations are omitted and all emphasis is added.

Because Petitioner asserted federal antitrust claims in the underlying arbitration, the Amended Petition references the federal Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.* But the Amended Petition does not arise from or raise questions concerning those antitrust claims. On the contrary, "the underlying dispute is not now at issue," and the Amended Petition raises questions only about "the enforceability of an arbitral award." *Badgerow v. Walters*, 596 U.S. 1, 9, 18 (2022). These arguments "involve only state law." *Id.* at 9. Accordingly, the underlying federal claims from the arbitration are irrelevant to establishing federal question jurisdiction for the Amended Petition. *See id.* at 9-10. Other than the FAA and the irrelevant underlying antitrust claims, the Amended Petition references no federal law. Therefore, the Court lacks federal question jurisdiction.

*Second*, the Amended Petition does not establish the Court's diversity jurisdiction. To establish diversity jurisdiction, the Amended Petition on its face must show that the Amended Petition is between parties from different states and that the amount in controversy exceeds $75,000. *See Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025). While the Amended Petition is brought between parties from different states—Petitioner is from Connecticut and Valve is incorporated and based in Washington—the Amended Petition does not demonstrate that more than $75,000 is in controversy. (ECF No. 7 at 1.) Nor could it—the arbitrator award Petitioner seeks to vacate awarded Petitioner nothing at all. *See Tesla*, 134 F.4th at 561 (a "zero-dollar award cannot support the amount in controversy requirement."). While Petitioner claims that, if the Court orders a rehearing of his arbitration, he would be entitled to attorneys' fees exceeding $75,000 in that arbitration, this argument impermissibly looks beyond the face of the Amended Petition to establish the amount in controversy, and his claim that attorneys' fees would exceed $75,000 lacks any basis in any event. Therefore, the Court lacks diversity jurisdiction.

While Valve disputes the merits of the arguments in the Amended Petition, this threshold jurisdictional defect precludes the Court from considering those merits. The Court should dismiss the Amended Petition in its entirety.

RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED PETITION TO VACATE ARBITRATION AWARD

## II. FACTUAL BACKGROUND

On October 2, 2023, Petitioner filed a demand for arbitration ("Demand") against Valve with the American Arbitration Association ("AAA") alleging anticompetitive practices involving Valve's digital gaming platform, Steam. (ECF No. 1 Ex. 1 at 7-8[2]; ECF No. 5-2 Ex. 1 at 1.) Petitioner asserted claims under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Washington Consumer Protection Act, and California Unfair Competition Law. (ECF No. 1 Ex. 1 at 8.) Petitioner also asserted a breach of warranty claim based on an allegedly defective video game and for breach of contract based on Valve's alleged failure to pay arbitration fees. (ECF No. 1 at 3; ECF No. 1 Ex. 1 at 28.) Petitioner's Demand for Arbitration claimed $3,266.72 in damages plus other relief. (ECF No. 5-2 Ex. 1 at 1.)

On January 7, 2025, following a multi-day hearing, Arbitrator Michael Saydah issued a final award in Valve's favor. (ECF No. 7 at 3, 4; ECF No. 1 Ex. 1 at 1, 29.) Arbitrator Saydah found that (i) "there is no antitrust violation under either Section 1 or Section 2 of the Sherman Antitrust Act" and (ii) "there is no violation under the California Unfair Competition Law, nor is there a violation under the Washington State Unfair Competition Law." (ECF No. 1 Ex. 1 at 27.) Consequently, Petitioner "takes nothing for the alleged Sherman Act violations, takes nothing for the alleged Unfair Competition Law violations under California State Law and Washington State Law and take[s] nothing for the alleged breach of the funding requirements of the arbitration agreement under the breach of contract theory." (*Id.* at 29.) Arbitrator Saydah further found that any breach of warranty claim was foreclosed by the parties' agreement. (*Id.*) On January 8, 2025, the AAA transmitted the award to the parties. (ECF No. 7 at 1.)

On February 24, 2025, Valve filed a petition to confirm the award in the Superior Court of the State of Washington pursuant to RCW 7.04A.220 and RCW 7.04A.250 ("Petition to Confirm"). It is currently pending. Valve filed similar petitions to confirm

---

[2] Citations to the Amended Petition exhibits are to the document page numbers rather than the ECF generated page numbers because no ECF generated page number exists.

substantially similar awards Arbitrator Saydah entered in favor of Valve against other Steam users. (ECF No. 5-2 ¶¶ 5-6.)) Sixteen of these awards have been confirmed. (*Id.* ¶ 6.)

The agreement between Petitioner and Valve requires that all disputes and claims between the parties be commenced and maintained exclusively in Washington courts. (Ex. 2 § 10.) Ignoring both the forum selection clause in the parties' agreement and the limits of this Court's jurisdiction, on April 8, 2025, Petitioner filed his original petition in this Court. On May 19, 2025, after Valve moved to dismiss the original petition for lack of subject matter jurisdiction, Petitioner filed the Amended Petition. Petitioner seeks to vacate Arbitrator Saydah's award under Section 10 of the FAA, 9 U.S.C. § 10, to appoint a new arbitrator, and to reopen arbitration proceedings. Petitioner argues that Arbitrator Saydah (i) consolidated his arbitration with other, identical arbitrations in violation of the parties' agreement; (ii) refused to admit certain purported expert evidence; and (iii) used artificial intelligence to draft his award. (ECF No. 7 at 1.)[3]

### III. THE COURT LACKS SUBJECT MATTER JURISDICTION

A court cannot proceed to the merits of an action unless it has subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."); *see also Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) ("Subject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists.").

A federal court has subject matter jurisdiction over a petition to vacate an arbitration

---

[3] Petitioner contends that Arbitrator Saydah used artificial intelligence ("AI") to draft the award. (ECF No. 7 at 9.) His only purported evidence in support of this contention is that a law clerk working for his counsel claims he asked ChatGPT whether AI could have been used in writing one paragraph from Arbitrator Saydah's 27-page award. (ECF No. 7 at 10.) Remarkably, Petitioner's counsel was recently sanctioned by an arbitrator for submitting a letter brief containing numerous citations on core issues that had been fabricated through the use of AI, including non-existent cases and cases that did not contain the quotations ascribed to them. (ECF No. 5-2 ¶ 8.) Notably, Petitioner here cites a case—*Bassett's Adm'r v. Cunningham's Admir*, 50 Va. 684 (1853)—that does not contain the quote he attributes to it or stand for the proposition he claims.

award only if the petitioner establishes (i) federal question jurisdiction or (ii) the "face of the application [to vacate] itself . . . shows that the contending parties are citizens of different States (with over $75,000 in dispute)." *Badgerow*, 596 U.S. at 9. For the reasons discussed below, this Court has neither federal question nor diversity jurisdiction. Therefore, this Court lacks subject matter jurisdiction, and the Amended Petition must be dismissed. *See, e.g.*, *Balasubramani v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 89 F.3d 844 (9th Cir. 1996) (unpublished table decision) (affirming the district court's order granting motion to dismiss a petition to vacate an arbitration award); *Jenks v. DLA Piper (US) LLP*, 2014 WL 527237, at *1 (N.D. Cal. Feb. 6, 2014) (granting motion to dismiss petition to vacate arbitration award); *Imagenetix, Inc. v. TriPharma, LLC*, 2011 WL 13356132, at *1 (S.D. Cal. Dec. 16, 2011) (granting 12(b)(1) motion to dismiss petition to vacate arbitration award).

### A.     There Is No Federal Question Jurisdiction

The Court does not have federal question jurisdiction over this action. The federal question statute provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the Constitution, law, or treaties of the United States if federal law "creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). In limited circumstances, federal jurisdiction may also exist over a state law cause of action if a "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258. None of those conditions is satisfied here.

*First*, federal law does not create the cause of action asserted. The Amended Petition asserts a single claim for relief—a claim seeking an order vacating an arbitrator's award pursuant to Section 10 of the FAA. (ECF No. 7 at 1, 6, 9.) Section 10 provides that, in certain enumerated circumstances, the "United States court in and for the district wherein [an arbitration] award was made may make an order vacating the award upon the application of any party to the arbitration." 9 U.S.C. § 10(a). While Section 10 authorizes

a party to an arbitration agreement to petition a federal court for relief, it "does not itself create jurisdiction" over the dispute. *Badgerow*, 596 U.S. at 4. "Rather, the federal court must have . . . an 'independent jurisdictional basis' to resolve the matter." *Id.*; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008) ("As for jurisdiction over controversies touching arbitration, the [FAA] does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis."); *Tesla*, 134 F.4th at 560 ("[T]he Supreme Court has made clear that a petitioner seeking to confirm or vacate an arbitration award must have a jurisdictional basis separate from the FAA's 'authorization of a petition [which] does not itself create jurisdiction'"). Therefore, Petitioner's sole claim for relief under Section 10 of the FAA does not arise under federal law.

*Second*, the Amended Petition does not raise any issue of federal law, let alone an issue that is actually disputed, substantial, and capable of resolution without disrupting the federal state balance. *See Gunn*, 568 U.S. at 257. A petition to vacate contests only the "enforceability of an arbitral award." *Badgerow*, 596 U.S. at 9. "That award is no more than a contractual resolution of the parties' dispute—a way of settling legal claims." *Id.* "[Q]uarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts." *Id.* The Amended Petition here raises arguments related to interpretation of the parties' alleged agreement, the admission of evidence during the hearing, and the arbitrator's process for drafting the award. (ECF No. 7 at 1.) None of these issues involves federal law. (*See generally* ECF No. 7.) Therefore, the Amended Petition raises no issue of federal law. *See Tesla*, 134 F.4th at 560 ("[F]or federal question jurisdiction to attach in a suit brought under the FAA, the complaint must include an averment under federal law *other than* Sections 9 or 10 of the FAA.").

Petitioner may argue that the underlying claims in the arbitration were based on the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2. (ECF. No. 7 at 7.) But the underlying claims in the arbitration cannot create jurisdiction. In *Badgerow*, the Supreme Court considered whether petitioners seeking relief under Section 10 of the FAA could "look through" the

petition to the underlying claims in the arbitration to establish jurisdiction. *Badgerow*, 596 U.S. at 5. The Court concluded they could not. Petitioners seeking *to compel* arbitration under *section 4* of the FAA may "look through the petition to the underlying substantive controversy between the parties," and if the "underlying dispute falls within the court's jurisdiction—for example, by presenting a federal question—then the court may rule on the petition to compel." *Id.* at 4-5 (discussing *Vaden v. Discover Bank*, 556 U.S. 49 (2009)). The "look through" permitted for section 4 of the FAA is based on specific language in section 4—language that permits a petition for an order to compel arbitration from a United States district court "which, save for [the arbitration] agreement, would have jurisdiction" over "the controversy between the parties." *Badgerow*, 596 U.S. at 10 (quoting 9 U.S.C. § 4). That language directing the court to examine the "controversy between the parties," however, is not present in Section 10. *Id.* Because the "look-through method" does not apply to Section 10 petitions, it is irrelevant that the parties' underlying dispute involved federal law. Therefore, the Court lacks federal question jurisdiction.

### B.  There Is No Diversity Jurisdiction

The Court also does not have diversity jurisdiction. "For diversity jurisdiction to attach, the suit must be between citizens of different states, and the 'amount in controversy' must exceed $75,000." *Tesla*, 134 F.4th at 560; 28 U.S.C. § 1332(a). "Because a 'look through' approach is prohibited" for Section 10 petitions to vacate pursuant to *Badgerow*, "the facts establishing a jurisdictional basis must be present on the face of the . . . petition to confirm [or vacate] an arbitration award." *Tesla*, 134 F.4th at 561. "[T]he underlying dispute is not now at issue." *Badgerow*, 596 U.S. at 18. Therefore, "facts establishing that the amount in controversy exceeds $75,000 must be present on the face" of a petition "before a district court can assert diversity jurisdiction over the action." *Tesla*, 134 F.4th at 561. Petitioner alleges that Valve and Petitioner are from different states. (ECF No. 7 at 1 ("Mr. LaPaglia is a citizen of Connecticut. Valve Corporation's principal place of business and state of incorporation are both Washington.").) However, the Amended Petition does not establish that the amount in controversy exceeds $75,000.

1. **Petitioner's Arguments Impermissibly Seek To "Look Through" the Amended Petition to Underlying Arbitration Proceedings, But That Is Not Permitted Under Section 10 of the FAA**

If, *arguendo*, this Court were to grant every element of relief sought by the Amended Petition, that would provide no monetary relief to Petitioner. Petitioner seeks to vacate an arbitration award that granted him zero monetary relief and to reopen arbitration proceedings. (ECF No. 7 at 1.) That is the only relief this Court could order on the face of the Amended Petition. That does not satisfy the amount in controversy requirement. *See Tesla*, 134 F.4th at 561 ("On its face, a petition to confirm a zero-dollar award cannot support the amount in controversy requirement.").

Petitioner asserts: "Because Respondent [sic] seeks to vacate the award and has asked the arbitration be reopened for a rehearing, the amount at stake includes the attorney's fees that would be awarded if Respondent [sic] prevails in an arbitral re-hearing. . . . The attorney's fees at stake easily exceeds $75,000, the dispute meets the amount in controversy requirement." (ECF No. 7 at 2.) This argument does not provide a jurisdictional basis for this action, because this Court would not award those fees. Instead, some arbitrator in a hypothetical future arbitration would do so. (*Id.* at 1-2.) The Court could only take those fees into account by "looking through" the Amended Petition to that underlying future arbitration and guessing at what an arbitrator might award. That "looking through" the Amended Petition to establish jurisdiction based on the amount in controversy in the underlying arbitration is precisely what *Badgerow* and *Tesla* say a petitioner cannot do on a Section 10 petition. *See Badgerow*, 596 U.S. at 12 ("Those bedrock principles prevent us from pulling look-through jurisdiction out of thin air—from somehow finding, without textual support, that federal courts may use the method to resolve various state-law-based, non-diverse Section 9 and 10 applications."); *Tesla*, 134 F.4th at 561 ("Consequently, because jurisdictional facts establishing the amount in controversy requirement are not found on the face of the petition, and a court cannot 'look through' the petition to the underlying substantive controversy under Section 9, we hold that the district court did not have subject matter jurisdiction.").

Petitioner cannot avoid the jurisdictional limitations from *Badgerow* and *Tesla* simply by tacking a request to "reopen arbitration" onto his Amended Petition. Both *Badgerow* and *Tesla* based their holdings on the plain language of Section 10 of the FAA, concluding that the plain language of Section 10 does not permit a court to "look through" to the underlying arbitration to assess jurisdiction. *Badgerow*, 596 U.S. at 12; *Tesla*, 134 F.4th at 561. Here, both Petitioner's request to vacate the arbitrator's award and his request to reopen arbitration proceedings are made exclusively under Section 10 of the FAA. (ECF 7 at 1, 6, 9.) Section 10 does not permit the Court to "look through" the petition to any underlying arbitration proceeding, no matter what relief the petitioner seeks. *Tesla*, 134 F.4th at 561 (concluding that "Congress did not intend for the 'look through' approach to be used with [Section 10]"). That disposes of Petitioner's argument.

If the Court were to accept Petitioner's position, *Badgerow* and *Tesla* would lose all meaning. Every party seeking to vacate an arbitration award could readily manufacture federal jurisdiction by seeking to reopen arbitration and claiming that in that future arbitration, the party will seek more than $75,000 in relief. Courts reject such sham attempts to create jurisdiction. *See, e.g.*, *NantKwest, Inc. v. Merck KGaA*, 2020 WL 13579225, at *2 (S.D. Cal. Feb. 10, 2020) (holding that "determination of the matters at issue in *this* lawsuit does not satisfy the amount-in-controversy requirement" (emphasis in original)); *Kamath v. PayPal, Inc.*, 2023 WL 9233484, at *1 (N.D. Cal. Nov. 6, 2023), *report and recommendation adopted*, 2023 WL 9233496 (N.D. Cal. Dec. 1, 2023) (dismissing complaint when "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed"); *Poorsina v. Wells Fargo Bank, N.A.*, 2021 WL 4133866, at *5 (N.D. Cal. Sept. 10, 2021) (dismissing complaint where it did "not allege any facts supporting [a $3.5 million] sum as recoverable" and holding that "[s]uch an unsupported assertion as to the amount in controversy does not satisfy the jurisdictional requirement").

Every single case the Amended Petition cites in support of its jurisdictional claims predates *Badgerow* and *Tesla*, and therefore fails to take into account those cases' holdings

that the court cannot "look through" to the underlying arbitration to assess subject matter jurisdiction over a Section 10 petition. (ECF No. 7 at 1-2.) The cases the Amended Petition cites are also otherwise distinguishable. For example, in *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659 (9th Cir. 2005)—a case decided long before, and therefore without the benefit of, *Badgerow* and *Tesla*—the plaintiff contemporaneously brought, not only a petition to vacate a zero-dollar arbitration award, but also a complaint seeking $200 million in damages. *Id.* at 664. The court decided "to measure the amount in controversy in [the] case by the amount at stake in the [contemporaneously filed] litigation," rather than by the zero dollar arbitration award that plaintiff sought to vacate, because plaintiff "sought to obtain by its district court complaint substantially what it had sought to obtain in the arbitration." *Id.* at 665. Here, Petitioner has brought no such complaint for damages.

The other cases Petitioner cites are similarly distinguishable, inapposite or are no longer good law after *Badgerow* and *Tesla. See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 793 (9th Cir. 2018) (addressing jurisdiction under Class Action Fairness Act in putative class action not involving petition under Section 10 of the FAA); *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1136 (9th Cir. 2008) (addressing attorneys' fees awards, not subject matter jurisdiction); *Shannon Assocs. LLC v. MacKay*, 2009 WL 4756568, at *3 (N.D. Cal. Dec. 8, 2009) (petitioner sought from the court, not only confirmation of a $7,000 arbitration award, but also to correct the award to strike a $260,000 offset for damages, thereby establishing the amount of controversy on the face of the petition); *McCluskey v. Airbnb, Inc.*, 2020 WL 2542616, at *3 (C.D. Cal. Jan. 7, 2020) (looking through the petition to the underlying arbitration in violation of *Badgerow* and *Tesla* and concluding that the amount "sought in the arbitration proceeding, and not the $0 arbitration award, determines the amount in controversy"). The Amended Petition's failure to address *Badgerow* or *Tesla*—binding, adverse Supreme Court and Ninth Circuit precedent directly on point—further underscores that Petitioner's assertion of diversity jurisdiction is frivolous.

### 2. Even If the Court Could Look Through the Amended Petition To Consider the New Attorneys' Fees Arguments—and It Cannot—The Sums At Stake Would Fail To Meet the Amount in Controversy Requirement

Even if attorneys' fees in a future underlying arbitration could be considered for jurisdictional purposes here—and, under *Badgerow* and *Tesla*, they cannot—Petitioner provides no factual or legal support for his conjecture that attorneys' fees could satisfy the amount in controversy requirement here.

Petitioner sought only $3,266.72 in the underlying arbitration. (ECF No. 5-3 at 2.) Even if this recovery were trebled to $9,800.16 pursuant to antitrust law, 15 U.S.C. § 15(a), to meet the $75,000 amount in controversy requirement, any fee award would have to be more than 600% of the Petitioner's total claim (*i.e.*, $65,199.84, or $75,000 - $9,800.16). Such a fee award could never be considered "reasonable." 15 U.S.C. § 26 ("In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a ***reasonable attorney's fee***, to such plaintiff.").

Consequently, even assuming Petitioner won a total victory in this hypothetical arbitration, the amount in controversy here could not come close to $75,000. *See Kamath*, 2023 WL 9233484, at *1 (dismissing complaint when "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed"); *Poorsina*, 2021 WL 4133866, at *5 (dismissing complaint where it did "not allege any facts supporting [a $3.5 million] sum as recoverable" and holding that "[s]uch an unsupported assertion as to the amount in controversy does not satisfy the jurisdictional requirement"). Subject matter jurisdiction is therefore lacking here.

## IV. CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over the Amended Petition. Valve respectfully requests that the Court dismiss the Amended Petition in its entirety with prejudice pursuant to Rule 12(b)(1).

DATED:  June 2, 2025

                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                       By:  _____*/s/ Virginia F. Milstead*_____
                                Virginia F. Milstead
                              Attorneys for Respondents
                                Valve Corporation