# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAPAGLIA, an individual,<br><br>                             Petitioner,<br>v.<br>VALVE CORPORATION, a corporation,<br>                            Respondent. | Case No.: 3:25-cv-00833-RBM-DDL<br><br>**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[Doc. 9]** |

Pending before the Court is Respondent Valve Corporation's ("Respondent") Motion to File Documents Under Seal ("Motion to Seal"). (Doc. 9.) In the Motion to Seal, Respondent moves to file under seal certain portions of an award entered in favor of Respondent in an arbitration brought on behalf of Petitioner ("Final Award"). (Doc. 9-1 at 7, 9.) For the reasons discussed below, the Motion to Seal (Doc. 9) is **GRANTED**.

## I.    LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed,

particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

      A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is "more than tangentially related to the merits of the case[,]" the "compelling reasons" standard applies. *Id*. at 1096–98, 1102. If the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

## II.   DISCUSSION

      Respondent seeks to file a redacted version of the Final Award attached as Exhibit 1 to the Petition to Vacate Arbitration Award ("Petition") (Doc. 1). (Doc. 9-1 at 14; *see* Doc. 1-2.)[1] Respondent argues the Court should seal limited portions of the Final Award that disclose terms of distribution contracts between Respondent and a third party because such terms "contain proprietary and confidential business information." (*Id*. at 8, 13.) The third-party contracts were originally marked for "Attorneys' Eyes Only" under a Protective Order in the underlying arbitration and contain negotiated financial terms for distribution and revenue sharing, the parties' rights and obligations, provisions regarding marketing and sales data, and other provisions governing the parties' business relationships. (*Id*. at 8 n. 7.) The Motion to Seal is unopposed. (Doc. 9 at 2.)

      As a preliminary matter, Respondent argues that the "good cause standard" applies because it seeks "to seal nondispositive information that is not immediately related to the merits of the case based on the current procedural posture of the matter." (Doc. 9-1 at 8

---

[1] Respondent does not request to seal "any part of Exhibit 2, 3, or 4 filed by Petitioner" in support of the Petition. (Doc. 9-1 at 7 n.5; *see* Docs. 1-3, 1-4, and 1-5.)

(quoting *Martinez v. Agoda Co. Pte. Ltd*, No. 3:20-CV-01289-JAH-MSB, 2024 WL 3823810, at *1 (S.D. Cal. Aug. 14, 2024)).)[2]  However, parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.  Moreover, "courts have generally found that the 'compelling reasons' standard applies to motions that seek to have a court review an arbitration decision." *Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*, Case No. CV 22-6491-JFW(SKx), 2022 WL 18717593, at *2 (C.D. Cal. Oct. 19, 2022) (citing cases).  In this case, the Petition constitutes a dispositive motion because Petitioner requests that this Court review and vacate the Final Award entered in an arbitration proceeding.  Because Petitioner brought this action to vacate the Final Award, and the document to be partially sealed is the Final Award itself, the Court applies the "compelling reasons" standard.

Nonetheless, the Court agrees there are compelling reasons to redact the terms of the third-party contracts that contain proprietary and confidential business information of minimal relevance to the merits of the Petition.  "Courts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *Finisar Corp. v. Nistica, Inc.*, Case No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).  Here, Respondent proposes a limited number of redactions which obscure recitation of contractual provisions concerning Respondent and the third parties' business models, strategies, and relationships.  After reviewing Respondent's proposed redactions, the Court finds that the public release of the redacted

---

[2] The Court notes that the procedural posture of this matter varies substantially from that in *Martinez* because the underlying "motion" was not a dispositive one.  In *Martinez*, the documents to be sealed were attached to the parties' Notice of Ruling in the underlying arbitration proceeding and did not concern a pending motion.  *See* 2024 WL 3823810, at *1.  By then, the court had already ruled on a motion to compel arbitration.  *See Martinez v. Agoda Co. Pte. Ltd.*, No. 3:20-CV-01289-JAH-MSB, 2023 WL 2254550, at *4–5 (S.D. Cal. Feb. 27, 2023).

information could place Respondent and third parties in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing harm to their respective competitive standing. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *FTC v. Qualcomm Inc.*, No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under compelling reasons standard to the extent it may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"). The Court therefore finds that sufficient justification has been presented for the proposed redactions to satisfy the "compelling reasons" standard.

### III.   CONCLUSION

Accordingly, Respondent's Motion to Seal (Doc. 9) is **GRANTED** and the Court further orders:

1. The previously filed version of the Final Award (Doc. 4-1) and the version filed concurrently with this Motion to Seal (Doc. 10) shall be maintained under seal.
2. The Clerk of the Court is **DIRECTED** to unseal Docs. 4, 4-2, and 4-3.
3. Since Respondent already publicly filed a redacted copy of the Final Award that omits the information in question (Doc. 9-2), no additional filing is required.

**IT IS SO ORDERED**.

DATE: June 11, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE