VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

MICHAEL W. McTIGUE JR. (*Of Counsel*)
michael.mctigue@skadden.com
MEREDITH C. SLAWE (*Of Counsel*)
meredith.slawe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Respondent*
*Valve Corporation*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO

| | |
|---|---|
| JOHN LAPAGLIA, an individual,<br><br>Petitioner,<br><br>v.<br><br>VALVE CORPORATION, a corporation,<br><br>Respondent. | NO.: 3:25-cv-00833-RBM-DDL<br><br>**RESPONDENT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED PETITION TO VACATE ARBITRATION AWARD**<br><br>Judge: Hon. Ruth Bermudez Montenegro<br><br>Date: July 28, 2025<br>Time: 9:30 a.m.<br>Courtroom: 5B, 5th Floor |

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..................................................................1

II. THIS COURT LACKS SUBJECT MATTER JURISDICTION.............2

    A. The Petition Does Not Seek to Compel Arbitration Under § 4 of the FAA, So § 4 Cannot Provide a Basis for Federal Question Jurisdiction ...............................................................................................2

    B. The Court Does Not Have Supplemental Jurisdiction Over Petitioner's § 10 Petition..................................................................4

    C. This Court Lacks Diversity Jurisdiction .........................................5

        1. The Amount in Controversy Must Be Assessed on the Face of the Petition, Not By Looking to Any Underlying Arbitration..................................................................................5

        2. The Relief Sought on the Face of the Petition Does Not Satisfy the Amount in Controversy Requirement ...............7

        3. Petitioner Cannot Be Awarded Enough Attorneys' Fees to Meet the Jurisdictional Threshold in Any Event..............9

III. CONCLUSION ................................................................................10

## I. **PRELIMINARY STATEMENT**

Petitioner's Opposition to Valve's motion to dismiss the "Amended Petition" is based on three demonstrably false premises:

*First*, Petitioner wrongly suggests that he has brought a "related motion to compel arbitration under FAA § 4" (ECF No. 16 at 14) that provides this Court with subject matter jurisdiction—specifically, federal question and supplemental jurisdiction—over his Amended Petition to vacate an arbitral award under § 10 of the FAA. That is nonsense: Petitioner has brought no motion to compel under § 4. His Amended Petition does not mention § 4, and it alleges none of the requirements for relief under § 4. Nor could it: A prerequisite for relief under § 4 is that the respondent failed, neglected, or refused to arbitrate. Here, Petitioner acknowledges that Valve arbitrated (under a reservation of rights) and that the arbitration is complete. Notably, the King County Superior Court in Washington recently confirmed the very award Petitioner seeks to vacate. *See Valve Corp. v. LaPaglia*, No. 25-2-06159-1 SEA (Wash. Super. Ct. June 30, 2025).[1] Petitioner concedes this Court lacks federal question jurisdiction but for his nonexistent § 4 motion. *See Badgerow v. Walters*, 596 U.S. 1 (2022). The Court lacks supplemental jurisdiction for the same reason: there is no § 4 motion that could be the tether for the exercise of supplemental jurisdiction. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

*Second*, the Opposition wrongly contends that Valve has argued that attorneys' fees are not included in assessing the amount in controversy for diversity purposes. (ECF No. 16 at 7, 9.) Not so. Rather, Valve pointed out that the amount in controversy must be assessed based on the face of the Amended Petition—*i.e.*, looking at the relief sought from this Court. It *cannot* be based on (i) the relief Petitioner sought in the parties' underlying arbitration, or (ii) the relief that the Petitioner might intend to seek if the arbitration were reopened, whether that relief consists of damages, attorneys' fees, or anything else. This is

---

[1] Despite actively prosecuting this action in the wrong forum, Petitioner never appeared in the action Valve filed to confirm the award in Washington state court—a court that had jurisdiction—or opposed Valve's petition to confirm in that court.

because the Court cannot "look through" the Amended Petition to the parties' underlying arbitration to assess its diversity jurisdiction. *See Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 561 (9th Cir. 2025). Accordingly, the Court should not consider Petitioner's claim for attorneys' fees as part of the amount in controversy—not because attorneys' fees are specifically exempted from consideration, but because Petitioner sought them in arbitration, not from this Court. The Opposition fails to address this well-settled rule.

*Third*, the Opposition wrongly asserts that Petitioner has sought an award of damages and attorneys' fees from this Court, which Petitioner argues must be taken into account in assessing the amount in controversy. (ECF No. 16 at 9, 10.) In fact, the only relief Petitioner has sought from this Court is that the Court vacate a zero-dollar arbitral award and reopen arbitration proceedings. (ECF No. 11-1 at 12.) If Petitioner receives damages or attorneys' fees, it will be from a hypothetical future arbitrator, not from this Court. But the Court cannot "look through" the Amended Petition to any underlying arbitration to assess jurisdiction. So what could happen in a hypothetical future arbitration is irrelevant to this Court's jurisdiction. *See Tesla*, 134 F.4th at 561.

The Opposition thus fails to demonstrate that this Court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citation omitted)). Therefore, the Court should dismiss the Amended Petition.

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION

### A. The Petition Does Not Seek to Compel Arbitration Under § 4 of the FAA, So § 4 Cannot Provide a Basis for Federal Question Jurisdiction

As Valve's Motion shows, this Court lacks federal question jurisdiction. (ECF No. 11-1 at 9-11.) Petitioner seeks to invoke federal question jurisdiction by arguing that "[a] federal court has jurisdiction over a petition to compel arbitration under FAA § 4 if the court would have jurisdiction over the underlying dispute," and noting that the "underlying dispute" in arbitration included claims under the federal Sherman Act. (ECF No. 16 at 6:8-9.) But § 4 does not create a basis for jurisdiction here.

1       While the Opposition repeatedly references "the § 4 motion" (*e.g.*, ECF No. 16 at 6-7), the Amended Petition is plainly not a "§ 4 motion." The Amended Petition does not reference § 4 or seek relief under § 4, let alone allege § 4 as a basis for jurisdiction. (*See* ECF No. 11-1 at 9-10; *see also* ECF No. 7 at 2-3 (identifying only diversity as basis for jurisdiction).) Nor is the Amended Petition called, "Petition to Compel Arbitration." Rather, the only FAA provision that the Amended Petition mentions is § 10. Section 10 permits the Court to vacate an arbitration award under certain circumstances and "direct a rehearing by the arbitrators" if certain criteria are met. 9 U.S.C. § 10(a), (b). That is the relief Petitioner seeks here. (ECF No. 7 ("First Amended Petition to Vacate Arbitration Award and to Reopen Arbitration for a Rehearing"); *id.* at 1, 11.)

        Nor does the Amended Petition seek to compel arbitration within the meaning of § 4. Section 4 of the FAA provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" may petition a federal court to direct arbitration to "proceed in the manner provided for in [the parties' arbitration] agreement." 9 U.S.C. § 4. "By its plain terms," § 4 "conditions a district court's authority to compel arbitration upon a showing that a party has failed, neglected, or refused to arbitrate." *Jones v. Starz Ent., LLC*, 129 F.4th 1176, 1181 (9th Cir. 2025). The Amended Petition does not allege that Valve "failed, neglected, or refused to arbitrate" or ask the Court to compel arbitration on that basis. It alleges the opposite—that the parties engaged in a full arbitration process, culminating in the arbitrator issuing a final award. (ECF No. 7 at 4.)

        While the Amended Petition asks the court to "compel the arbitration be conducted individually and not in a consolidated fashion" (ECF No. 7 at 2), this is not a request under § 4. The Ninth Circuit has definitively held that § 4 is not a proper vehicle to challenge the consolidation of arbitration proceedings and compel individual arbitration. *See Jones*, 129 F.4th at 1180. In *Jones*, the plaintiff brought a motion to compel individual arbitration under § 4, arguing that, because the arbitration provider had consolidated thousands of individual arbitrations, the defendant had "refused to arbitrate individually with [the plaintiff] as mandated by" the parties' agreement. *Id.* at 1181. The court rejected the motion,

3
RESPONDENT'S REPLY IN SUPPORT OF MOTION TO DISMISS

holding that the plaintiff failed to "make the threshold showing required under § 4" because the defendant "has engaged in the arbitration process at every step of the way." *Id.* at 1181, 1183. The Amended Petition fails to clear that same threshold.

Section 4 is therefore wholly inapplicable here. Petitioner appears to be trying to further amend his Amended Petition through his Opposition. This is inappropriate. *See Birch v. Family First Life, LLC*, 2023 WL 2940020, at *7 (S.D. Cal. Apr. 13, 2023) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." (citation omitted)); *Jackson v. Loews Hotels, Inc.*, 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019) (same and granting motion to dismiss for lack of subject matter jurisdiction). The Amended Petition raises no issue of federal law, and this Court lacks federal question jurisdiction over it. (*See* ECF No. 11-1 at 9-11.)

### B. The Court Does Not Have Supplemental Jurisdiction Over Petitioner's § 10 Petition

While § 10 of the FAA authorizes a party to an arbitration agreement to petition a federal court for relief, that section "does not itself create jurisdiction" over the dispute. *Badgerow*, 596 U.S. at 4. "Rather, the federal court must have . . . an 'independent jurisdictional basis' to resolve the matter." *Id.*; *see also Tesla*, 134 F.4th at 560. The "independent jurisdictional basis" cannot arise from the claims at issue in the underlying arbitration; it must appear on the face of the petition itself. *Badgerow*, 596 U.S. at 4-5. Petitioner's Opposition concedes that this is the legal standard. (ECF No. 16 at 6.)

Petitioner's attempt to invoke this Court's supplemental jurisdiction as an "independent jurisdictional basis" is without merit. (ECF No. 16 at 8.) Section 1367 provides for supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman*, 254 F.3d at 805 ("supplemental jurisdiction cannot exist without original jurisdiction"). Because, as shown *supra* Part II.A, the Petition does not, and cannot, seek relief under § 4, the Court lacks original jurisdiction

over the Amended Petition. It therefore also lacks supplemental jurisdiction.

Because the Court has no supplemental jurisdiction, it need not consider Petitioner's contentions about why the Court should invoke supplemental jurisdiction under § 1367(c). (ECF No. 16 at 5, 7.) Those considerations apply only if the Court has discretion to exercise supplemental jurisdiction in the first place, and here it does not. *See Herman*, 254 F.3d at 806 (distinguishing between discretionary power to decline supplemental jurisdiction under § 1367(c) and lacking supplemental jurisdiction under § 1367(a) and concluding, "if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims").

### C. This Court Lacks Diversity Jurisdiction

#### 1. The Amount in Controversy Must Be Assessed on the Face of the Petition, Not By Looking to Any Underlying Arbitration

As Valve's Motion demonstrates, *Badgerow* requires that the amount in controversy be based on the face of the Petition, not an amount at issue in an underlying arbitration. (ECF No. 11-1 at 12-13.)[2] Petitioner argues that *Badgerow* is "limited to *federal question* jurisdiction under § 1331." (ECF No. 16 at 8-9.) That is not true. In *Tesla*, the Ninth Circuit recognized that *Badgerow* applies in diversity cases. *See Tesla*, 134 F.4th at 561. Nor is the rationale of *Badgerow* so limited: *Badgerow* based its holding on the plain language of § 10, concluding the statutory text did not permit a court to "look through" to the underlying arbitration to assess jurisdiction. *Badgerow*, 596 U.S. at 12. There is no reason that this rule derived from the language of § 10 would apply only to federal question cases.

Petitioner argues that *Badgerow* "reaffirmed that diversity jurisdiction remains a valid and independent basis for subject matter jurisdiction." (ECF No. 16 at 9.) *Badgerow* stated that diversity jurisdiction would exist under § 10 if "the face of the application itself" shows the diversity requirements satisfied. *Badgerow*, 596 U.S. at 9. Nothing in *Badgerow*

---

[2] Petitioner argues that, in the underlying arbitration, Valve stated that Petitioner sought "more than $10,000" in his arbitration demand, when considering attorneys' fees and other items of relief Petitioner sought. (ECF No. 16 at 8.) This is irrelevant. "[M]ore than $10,000" is not the same as more than $75,000, and, as demonstrated in the Motion and herein, the amount in controversy in the underlying arbitration does not determine the amount in controversy before this Court.

5
RESPONDENT'S REPLY IN SUPPORT OF MOTION TO DISMISS

suggests that diversity jurisdiction could be assessed for a § 10 petition by "looking through" to the underlying arbitration. In fact, *Badgerow* says the opposite. *Id.* at 4.

Petitioner argues that "attorneys' fees may be included in the amount in controversy calculation following *Badgerow*." (ECF No. 16 at 9.) But the amount in controversy, including any attorneys' fees, must be assessed based on the relief the Petition seeks from the court, not the relief sought in the underlying arbitration or to be sought in a hypothetical future arbitration (whether that arbitral relief is damages, attorneys' fees, or anything else). (ECF No. 11-1 at 12.) That distinction is fatal to Petitioner's argument.

Indeed, *Cox Wootton Lerner, Griffin & Handson LLP v. Ballyhoo Media Inc.*, 2022 WL 2132126, at *2-3 (C.D. Cal. June 13, 2022), on which Petitioner seeks to rely (ECF No. 16 at 9), illustrates that distinction. In *Cox*, the court concluded that the "face of the petition has established an independent basis for subject-matter jurisdiction" where the petition sought to confirm an arbitral award awarding $496,583.15 in attorneys' fees. *Id.* at 4. The court's jurisdiction was not based on what the petitioner sought in arbitration or might seek in a future arbitration; it was based on the value of the existing arbitral award the court was asked to confirm. Other courts have followed the same approach. *See Floyd v. ELCO Admin. Servs. Co.*, 2025 WL 1507095, at *3-4 (N.D. Cal. May 27, 2025) (court could not "look through" the petition to amounts plaintiff could have recovered on his counterclaims that were rejected in arbitration because "this Court need only determine if the *final amount granted in the arbitration award* exceeds the amount in controversy requirement" (emphasis added)).

None of the cases that Petitioner cites supports a different result. *See, e.g.*, *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005) (pre-*Badgerow*, plaintiff contemporaneously brought not only a petition to vacate a zero-dollar arbitral award, but also a complaint seeking $200 million in damages for substantially the same claims asserted in the underlying arbitration); *Halliburton Energy Servs., Inc. v. Foord*, 2020 WL 2124030, at *3 (C.D. Cal. Jan. 27, 2020) (pre-*Badgerow* case incorrectly considering amount sought in underlying arbitration); *Peraton Gov't Commc'ns, Inc. v. Hawaii Pac.*

*Teleport LP*, 2022 WL 3543342, at *1 (9th Cir. Aug. 18, 2022) (confirming arbitral award of attorneys' fees and costs of at least $1.5 million); *Schulcz v. Rocket Mortg., LLC*, 2025 WL 926208, at *2 (E.D. Cal. Mar. 27, 2025) (addressing amount in controversy in an action not involving petition under § 10).

Petitioner argues that the rule established by *Badgerow* "would have the bizarre effect of permitting losing defendants in antitrust arbitrations access to federal courts while foreclosing that same option for losing plaintiffs." (ECF No. 16 at 10.) It would not. In the case of the "losing defendants," the prevailing plaintiffs could also invoke federal jurisdiction to confirm the award, assuming it exceeded $75,000. In the case of "losing plaintiffs," the prevailing defendants also could not invoke federal jurisdiction to confirm the zero-dollar award. *See Tesla*, 134 F.4th at 561. The availability of federal jurisdiction depends not on whether the party is a plaintiff or defendant, but on whether the amount in controversy is met based on the face of the petition. That the principle is even-handed is demonstrated by this very case: Valve did not go to federal court to confirm the zero-dollar awards in its favor, but sought (and obtained) confirmation of those awards in state court.

In any event, such policy-based arguments have no place in the Court's jurisdictional analysis. In *Badgerow*, the Court rejected arguments that it should permit "looking through" to the underlying arbitration for § 10 petitions because it would provide a "uniform jurisdictional rule" and avoid "'clos[ing] the federal courthouse doors to many' post-arbitration motions." *See Badgerow*, 596 U.S. at 16. The Court concluded, "It is not for this Court to employ untethered notions of what might be good public policy to expand our jurisdiction." *Id.* (citation omitted).

### 2. The Relief Sought on the Face of the Petition Does Not Satisfy the Amount in Controversy Requirement

The relief sought on the face of the Amended Petition does not satisfy the amount in controversy requirement. As Valve's Motion explains, the entirety of the relief that Petitioner seeks from this Court is to vacate a zero-dollar arbitration award and to reopen arbitration proceedings. (ECF No. 11-1 at 12-13.) This is not sufficient to establish jurisdiction. *See Tesla*, 134 F.4th at 561 ("On its face, a petition to confirm a zero-dollar

7

award cannot support the amount in controversy requirement."); *Floyd*, 2025 WL 1507095, at *4 (post-*Telsa* and *Badgerow*, the question is "if the final amount granted in the arbitration award exceeds the amount in controversy requirement").

Petitioner seeks to distinguish *Tesla*, arguing that it "involved a petition to confirm an arbitration award of zero dollars where the petitioner did not seek attorneys' fees." (ECF No. 16 at 10.) But the same is true here: Petitioner does not seek attorneys' fees *from this Court.* He seeks only that the Court reopen the arbitration hearing so Petitioner can seek fees from an arbitrator in some future arbitration. (ECF No. 7 at 2, 12.) To base subject matter jurisdiction on that hypothetical future arbitration would be to "look through" the Petition to the underlying arbitration to assess that jurisdiction—something both *Badgerow* and *Tesla* have made clear the Court may not do. (ECF No. 11-1 at 12-13.) The Opposition ignores this principle.

Much of Petitioner's Opposition is devoted to the unremarkable proposition that "when attorneys' fees are authorized by contract or statute," they count toward the amount in controversy requirement. (ECF No. 16 at 8.) But that is irrelevant here: the statute the Amended Petition invokes—the FAA—does not authorize attorneys' fees; the Amended Petition does not invoke a contract permitting attorneys' fees; and Petitioner does not seek an award of attorneys' fees from this Court. None of the cases Petitioner cites involved either the FAA or a plan to seek attorneys' fees from a hypothetical future arbitrator rather than from the Court. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (addressing California statute permitting court to award attorneys' fees, not FAA); *Bolger-Linna v. Am. Stock Transfer & Tr. Co.*, 2024 WL 4713905, at *8 (S.D. Cal. Nov. 7, 2024) (addressing attorneys' fees requested pursuant to Section 496(c) of the Penal Code, not FAA); *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) (addressing jurisdiction under Class Action Fairness Act, not the FAA).[3]

---

[3] The authorities cited in the Amended Petition do not help Petitioner. (ECF No. 16 at 10-11.) He argues that *Fritsch*, 899 F.3d at 794, shows that "when attorneys' fees are recoverable by statute," they are included in the amount in controversy. True, but irrelevant: Petitioner seeks relief under the FAA, which does not provide for attorneys' fees. Petitioner

*(cont'd)*

8

RESPONDENT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Petitioner argues that "[w]hat matters for jurisdictional purposes" is "what the petitioner is seeking from the court—in this case, an award of damages and attorneys' fees." (ECF No. 16 at 9-10.) Again, Petitioner is seeking neither an award of damages nor attorneys' fees from this Court. The only relief Petitioner seeks from this Court is to vacate the zero-dollar award and reopen the arbitration. Any award of damages or attorneys' fees would be granted, if at all, not by the Court, but by some future arbitrator. To consider such hypothetical future fees would be to impermissibly "look through" to the underlying arbitration. (ECF No. 11-1 at 12-13.)

### 3. Petitioner Cannot Be Awarded Enough Attorneys' Fees to Meet the Jurisdictional Threshold in Any Event

Even if this Court could consider attorneys' fees hypothetically available in an arbitration for jurisdictional purposes—which it cannot—Petitioner has failed to establish that the amount of attorneys' fees that might potentially be awarded in a hypothetical future arbitration would satisfy the amount in controversy. Petitioner argues that attorneys' fees are calculated based on the "lodestar amount . . . which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." (ECF No. 16 at 12 (citation omitted).) But this Court need not decide whether an arbitrator would award the lodestar amount or consider Petitioner's citation-free policy arguments in support of the lodestar measure (*id.* at 12-13), because the Amended Petition contains *no facts at all* about Petitioner's counsel's lodestar amount. The Amended Petition says nothing about the number of hours counsel spent on Petitioner's case or the reasonable hourly rate. (*Id.*)[4] It

---

argues that *McCluskey v. Airbnb, Inc.*, 2020 WL 2542616, at *3 (C.D. Cal. Jan. 7, 2020), pre-*Badgerow*, "confirms the amount in controversy is the amount sought by the petitioner, not the amount of the arbitration award." Again, irrelevant: Here, the "amount sought by the petitioner" from this Court is zero. Petitioner argues that *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1136 (9th Cir. 2008), holds that "fee shifting is mandatory under 15 U.S.C. § 26." Yet again, irrelevant: The antirust fee shifting statute "is not now at issue" as it may have been in the underlying arbitration. *Badgerow*, 596 U.S. at 18. Finally, Petitioner argues that *Shannon Assocs. LLC v. MacKay*, 2009 WL 4756568, at *3 (N.D. Cal. Dec. 8, 2009)—also pre-*Badgerow*—shows that "the amount in controversy is the amount at stake—not the arbitration award." Once again, irrelevant. The amount in controversy here based on the face of the Amended Petition is zero.

[4] If the lodestar amount were applied, any attorney fee award for Petitioner would have to be based on the time spent on *Petitioner's* arbitration, not the arbitrations of other claimants

*(cont'd)*

alleges only that the "underlying arbitration was heavily litigated" and included a two-week hearing, and concludes that the amount of attorneys' fees "easily exceeds $75,000." (ECF No. 7 at 3.)

Petitioner argues, without citation to any authority whatsoever, that Valve must demonstrate "to a legal certainty" that "the amount in controversy is less than the jurisdictional threshold" to "prevail on a motion to dismiss for lack of subject matter jurisdiction." (ECF No. 16 at 13.) To the contrary, Petitioner bears the burden of proving this Court has jurisdiction. *See Kokkonen*, 511 U.S. at 377. Petitioner's conclusory assertions—including his irrelevant speculation about Valve's counsel fees (ECF No. 16 at 13)—do not meet this burden. *See Poorsina v. Wells Fargo Bank, N.A.*, 2021 WL 4133866, at *5 (N.D. Cal. Sept. 10, 2021) (burden was on plaintiff to allege facts supporting conclusory amount in controversy allegation).

## III.  CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over the Petition. Valve respectfully requests that the Court dismiss the Amended Petition in its entirety with prejudice pursuant to Rule 12(b)(1).

DATED:  July 21, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:     */s/ Virginia F. Milstead*
        Virginia F. Milstead
        Attorneys for Respondents
        Valve Corporation

---

who also lost. (ECF No. 7 at 4); *see Magill v. DIRECTV, LLC*, 2017 WL 8894320, at *3 (C.D. Cal. June 23, 2017) (rejecting the contention that "work done on behalf of several different plaintiffs with individual lawsuits, some indisputably unsuccessful, can be fully recovered through the victory of one such lawsuit"). The Amended Petition alleges nothing about time spent on Petitioner's individual arbitration.